**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BALWANTSINH D. THAKOR and VIKRAMSINH DEVDHARA,

Plaintiffs,

v.

THE BURLINGTON INSURANCE CO. et al.,

Defendants.

_________________________________/

No. C 09-1465 SBA

Related No. C 09-0421

**ORDER**

**[Docket No. 12]**

This matter comes before the Court on Plaintiffs' Motion to Remand. The Court finds this matter suitable for resolution without oral argument pursuant to FRCP 78(b). Having read and considered the papers presented by the parties, the Court hereby GRANTS the Motion.

**BACKGROUND**

Plaintiffs Thakor and Devdhara ("Insureds") filed a complaint in San Francisco Superior Court on March 6, 2009, against Defendants The Burlington Insurance Company ("Burlington") and First Financial Insurance Company ("FFIC") (collectively the "Insurers"), and Defendant Jeffrey Lal. Plaintiffs seek a declaration of rights under their insurance policies, as well as damages against the insurers for their alleged mishandling of an underlying class action brought by tenants of their property, the Auburn Hotel. [State Court Complaint ¶4]. The Insureds also seek damages against Jeffrey Lal, the former manager of the Auburn Hotel, for his failure to properly and diligently manage the property, the failure of which allegedly led to the tenant habitability claims in the class action.

On April 3, 2009, the Insurers removed the action to this court under diversity of citizenship jurisdiction. In the Notice of Removal, the Insurers assert that the parties who are "properly joined" are diverse, for the purpose of maintaining diversity jurisdiction. Specifically, Burlington is a

citizen of North California, FFIC is a citizen of Illinois and Thakor and Devdhara are California citizens. The Insurers allege that Mr. Lal's citizenship (California) does not destroy complete diversity because he was improperly joined as a defendant. As a result of his misjoinder, the Insurers argue that it was not necessary for them to obtain Lal's consent to removal. Plaintiffs seek remand on the ground that Mr. Lal has not been misjoined in this action, there is no removal jurisdiction, and removal was improper because Lal did not consent to or join in the removal.

**LEGAL STANDARDS**

As a general rule, an action is removable to a federal court only if it might have been brought there originally. 28 U.S.C. § 1441(a). If at the time a defendant seeks to remove an action to federal court, there is complete diversity among the parties and the matter in controversy is in excess of $75,000, the requirements for removal have been met. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a). However, "fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

In addition to the complete diversity requirement, the removing defendants must obtain the consent of all defendants, with the exception of nominal parties. 28 U.S.C. § 1446(b); *see also Hewitt v. City of Stanton*, 798 F.2d 1230, 1232-1233 (9th Cir. 1986). There is a judicially created exception to unanimity of consent in removal for parties who are fraudulently joined. *Hewitt*, 798 F.2d at 1232; *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir.1988).

If at any time (before final judgment) the district court determines it lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

**DISCUSSION**

Diversity of citizenship is one basis of a federal court's original jurisdiction. 28 U.S.C. § 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The existence of diversity jurisdiction does not appear on the face of the complaint The Plaintiffs are both California citizens. Removing Defendants Burlington (North California) and FFIC (Illinois) are diverse, but Defendant Lal is a California citizen. Lal's presence destroys the requirement for complete diversity.

The Insurers contend the action is completely diverse because Lal was misjoined in the state court action and his citizenship should be disregarded for determining diversity jurisdiction. They also contend that the rule under §1446(b), requiring consent to removal "applies, however, only to defendants properly joined and served in the action." *Emrich*, 846 F.2d at 1193. The insurers did not obtain the consent of Defendant Lal. It is undisputed that Jeffrey Lal was served in the state court action prior to its removal to this Court. The issue here, as in the diversity of citizneship inquiry, is whether he was "properly joined." Unless the insurers can demonstrate that misjoinder creates an exception to the rule of unanimity of consent, removal was improper.

**I. Misjoinder.**

The Ninth Circuit has not addressed or adopted procedural misjoinder as an exception to either complete diversity or unanimity of consent in the Ninth Circuit.

**A. Misjoinder and Complete Diversity.**

**1. The Ninth Circuit exception to complete diversity.**

The Ninth Circuit recognizes one exception to the requirement of complete diversity: where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc*. 236 F.3d 1061, 1067 (9th Cir. 2001). *See also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("it is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds").

The *Morris* Court explains that "fraudulent joinder . . . is a 'term of art.' Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id*. at 1067 (citing *McCabe v. General Foods Corp*., 811 F.2d 1335, 1339 (9th Cir. 1987)). In other words, the test is whether on the face of the complaint there is *any possibility* that the plaintiff could prevail. *Morris*, 236 F.3d at 1068.

The Insurers do not argue that Defendant Lal is fraudulently joined based on the Ninth Circuit test. They urge the Court to apply a rule that was created by the Eleventh Circuit in order to find that Lal was fraudulently joined and that removal was proper. However, if the Court limits

itself to the Ninth Circuit test, removal was clearly improper because Plaintiffs state claims against Lal on which they could possibly prevail. For this reason, Lal's citizenship must be considered for purposes of determining diversity, and as a non-diverse defendant his presence in the action defeats removal on diversity grounds.

**2. The Eleventh Circuit exception to complete diversity: *Tapscott*.**

The Insurers' argument for fraudulent joinder is based on new theory of procedural misjoinder, articulated by the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp*., 77 F.3d 1353, 1360 (11th Cir.1996), *overruled on other grounds by Cohen v. Office Depot, Inc*. 204 F.3d 1069, 1072 (11th Cir. 2000). Specifically, the *Tapscott* fraudulent joinder exception applies "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.*; *see also Triggs v. John Crump Toyota, Inc*. 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott* as creating this exception, applying *Tapscott* and finding in favor of remand).

The fraudulent joinder issue arose in *Tapscott* in the context of a putative class action filed in Alabama state court, asserting Alabama state law claims. In the initial complaint, an Alabama plaintiff sued four defendants, one of which was an Alabama citizen. The first amended complaint added sixteen named plaintiffs and twenty-two named defendants. The second amended complaint contained four additional named plaintiffs, Alabama residents, and three additional named defendants, including Lowe's, a North Carolina resident. Unlike the initial and first amended complaints, which alleged violations arising from sales of service contracts in connection with the sale of automobiles, the second amended complaint alleged violations of state law arising from the sale of "extended service contracts" in connection with the sale of retail products. The result of the amended claims and joinder of parties under Rule 20 was to create two distinct groups of named plaintiffs and defendants: the "automobile class" which was non-diverse and the"merchant class," which included diverse defendant Lowe's.

Lowe's removed the case to federal court on diversity of citizenship grounds and filed a motion to sever the claims against it from the claims against the automobile class defendants. The

district court granted the motion to sever the two classes and denied the plaintiffs' motion to remand because it found "there was no allegation of joint liability between Lowe's and any other defendant and no allegation of conspiracy" and "held there was an 'improper and fraudulent joinder, bordering on a sham.'" *Tapscott*, 77 F.3d at 1355.

On appeal, the Eleventh Circuit affirmed the district court on the issue of fraudulent joinder. First, the Eleventh Circuit noted that joinder of the defendants had been accomplished solely through Rule 20. Second, the Court noted that the plaintiffs had not contended that Lowe's was properly joined with non-diverse defendants. Instead, the Court disagreed with plaintiffs' position that while a court may disregard the citizenship of fraudulently joined parties, a misjoinder, no matter how egregious, is not fraudulent joinder. The Eleventh Circuit held there was misjoinder under Rule 20 because there was "no real connection" between the two sets of alleged transactions and they were wholly distinct from one another. The Court emphasized that it did "not hold that mere misjoinder is fraudulent joinder, but [. . . ] Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder." *Id*. at 1361.

The Ninth Circuit has not adopted *Tapscott*. *See Brazina v. The Paul Revere Life Ins. Co.*, 271 F.Supp.2d 1163, 1172 (N. D. Cal. 2003) (noting that the Ninth Circuit has not found occasion to address *Tapscott*, and no other circuit has adopted its rationale); *Osborn v. Metropolitan Life Ins. Co.*, 341 F.Supp.2d 1123, 1127 (E.D.Cal.2004) (emphasizing the Ninth Circuit has not adopted the *Tapscott* "misjoinder of parties" theory). The Fifth Circuit addressed *Tapscott* in *In re Benjamin Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir. 2002), but did not explicitly adopt the test because it found that *Tapscott* did not apply to the facts of the case.

As for district courts throughout the country, some apply it and some do not. *See Brazina*, 271 F.Supp.2d 1163 (declining to apply *Tapscott*); *Osborn*, 341 F.Supp.2d 1127 (declining to apply *Tapscott* and remanding to state court. *But see Sutton v. Davol, Inc.*, 251 F.R.D. 500, 504 (E.D. Cal. 2008) (applying *Tapscott* in the context of Multidistrict Litigation); *In re Guidant Corp. Implantable Defbrillators Products Liability Litigation*, 2007 WL 2572048 (D. Minn. 2008) (applying *Tapscott*).

The facts in the instant case are not so similar to *Tapscott*, or any other case applying *Tapscott*, that the Court deems it reasonable to apply the *Tapscott* theory in spite of the fact that it is not the law in the Ninth Circuit. *Tapscott* is clearly distinguishable. The case arose in the context of a putative class action with two sets of plaintiffs and two sets of defendants. In the instant case, there is one set of plaintiffs and two sets of defendants and, unlike *Tapscott*, it is not complex litigation. Second, in *Tapscott*, the joinder of defendants was accomplished "solely through Rule 20." Here, Thakor and Devedhara sued all defendants in the original complaint and did not attempt to join Lal under either Rule 20 or the California rule for permissive joinder. The fact that in *Tapscott* new defendants were added under Rule 20 is significant because it provided the district court the basis for considering the plaintiffs' motives for joinder, concluding that there had been "improper and fraudulent joinder, bordering on a sham."

Furthermore, even if the Court applied *Tapscott*, the case simply does not stand for the broad rule that all procedural misjoinder is fraudulent. The Eleventh Circuit was very clear about this, concluding that the misjoinder was fraudulent in *Tapscott* because it was "so egregious as to constitute fraudulent joinder." *Tapscott*, 77 F.3d at 1360. The Insurers do not argue that Lal's misjoinder is "so egregious" as to be fraudulent. The notice of removal states that "Lal was clearly misjoined under state and/or federal rules because there are not common questions of fact or law as between claims against him and claims against the diverse insurer defendants." [Notice of Removal ¶ 29]. Absent evidence that misjoinder borders on a sham, the reason to apply *Tapscott* rather than the *Morris* rule is even less persuasive.

Therefore, in the absence of a compelling reason for this Court to adopt the *Tapscott* exception to complete diversity, it is clear from the face of the complaint that complete diversity does not exist, and removal is improper. For these reasons, the Court GRANTS the motion and REMANDS the entire action.

**B. Misjoinder and Unanimity of Consent.**

There is a judicially created exception to unanimity of consent in removal for parties who are fraudulently joined. *Hewitt*, 798 F.2d at 1232; *Emrich*, 846 F.2d at 1193. For the same reasons discussed above, in the absence of fraudulent joinder, there is no exception to the "unanimity of

United States District Court
For the Northern District of California

consent" rule for removing an action. The Insurers did not seek or obtain Lal's consent, even though he had been properly served before they filed the notice of removal. The Court finds that removal was improper for this reason as well.

**II. Attorneys' Fees and Costs.**

28 U.S.C. section 1447(c) states that, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Ninth Circuit has held that district courts are granted "wide discretion" under section 1447(c) to decide whether to award attorneys' fees and costs along with an order to remand. *See Moore v. Permanente Medical Group*, 981 F.2d 443, 447 (9th Cir.1992). The Ninth Circuit has further held that a district court need not find "bad faith" as a prerequisite to an award of attorneys' fees incurred to pursue a remand to state court. *Id*. at 446-48. The Ninth Circuit quoted with approval the district court's statement that "[t]he court's award of fees in this case is not a punitive award against defendants; it is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendant inflicted." *Id*. at 447, quoting *Moore v. Kaiser Foundation Hosp., Inc.*, 765 F.Supp. 1464, 1466 (N.D.Cal.1991) (Walker, J).

Here, even though the removing Defendants specified a legal basis for removal jurisdiction and supported it with factual allegations, they elected to rely on an Eleventh Circuit case in which the facts are clearly dissimilar to the case at bar. As a result, the Insureds incurred costs in litigating the issue of remand, to which they are entitled under Ninth Circuit law. The Court has considered the declaration of attorney Christine Hiler, submitted in support of Plaintiffs' request for attorneys' fees and costs, finds the following fees and costs allowable:

- 19.3 hours researching and preparing the motion to remand, at Ms. Hiler's standard billing rate of $235 per hour, for $4,535.50.
- 8 hours reviewing Defendants' opposition, researching and drafting a reply brief, at Ms. Hilers billing rate of $235 per hour, for $1,880.00.
- 3 hours researching, drafting, finalizing the motion, declarations and supporting papers, reviewing Defendants' opposition, reviewing the reply brief, at Mr. Berlewine's standard

billing rate of $435 per hour, for $1,305.00.

Because the Court finds this matter suitable for resolution without oral argument pursuant to FRCP 78(b), the Court excludes projected fees for attending a hearing on this matter, attending to the preparation of the order, and notice of entry of order. The total award of attorneys' fees and costs for improper removal of this action is $ 7,720.50.

**CONCLUSION**

For the reasons discussed above, the Plaintiffs' motion is GRANTED and this action is hereby REMANDED to the Superior Court for San Francisco.

IT IS SO ORDERED.

Dated: 7/7/09

SAUNDRA BROWN ARMSTRONG
United States District Judge